E-FILED on   09/18/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| TIFFANY E. LANDAYAN, | No. C-09-00916 RMW |
|---|---|
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS |
| v. | |
| WASHINGTON MUTUAL BANK; QUALITY LOAN SERVICE CORPORATION; and DOES 1 TO 100, INCLUSIVE, | [Re Docket No. 14] |
| Defendants. | |

Plaintiff Tiffany E. Landayan ("Landayan"), proceeding *pro se*, brings this action for violations of the Fair Debt Collection Practices Act ("FDCPA"), the Truth In Lending Act  ("TILA") and the California Business and Professions Code in connection with a home equity loan she received from Washington Mutual Bank.  On September 18, 2009, the court heard defendant JP Morgan Chase Bank, N.A.'s ("JP Morgan") motion for judgment on the pleadings.  Plaintiff did not appear at that hearing.  For the reasons set forth below, the court grants defendant's motion.

## I. BACKGROUND

On March 27, 2007, Landayan obtained a mortgage loan in the sum of $692,000 from Washington Mutual Bank to purchase the property located at 213 Hillview Drive, Milpitas, CA,

95035.  Mot. at 2:6-8, Exhibit 1.  In 2008, defendant JP Morgan acquired certain Washington Mutual Bank assets and liabilities from the Federal Deposit Insurance Corporation including Landayan's note and deed of trust.  Mot. at 1:2-5, Exhibit 8.  According to Landayan's complaint, Washington Mutual Bank did not provide her with the requisite documentation to which she was entitled when she entered into the mortgage transaction.  Compl. ¶ 16.  In May 2008, plaintiff defaulted on the loan and a Notice of Default and Election to Sell Under the Deed of Trust ("NOD") for failure to make payments was recorded with Santa Clara County.  Mot. Exhibit 4.  Plaintiff's complaint lists twenty-six documents allegedly never provided to her in connection with the loan encumbering the subject property.  Compl. ¶ 22.  Landayan filed the instant action asserting the following four causes of action arising out of the home mortgage transaction she entered into with Washington Mutual Bank as the lender: (1) two claims arising from violations of the Truth in Lending Act ("TILA") (15 U.S.C.§ 1601); (2) one claim for violations of the Fair Debt Collections Practices Act ("FDCPA") (15 U.S.C. § 1692); and (3) one claim for violations of California Business and Professional Code §17200.  Compl. ¶ 38-73.  In addition to the four stated claims, plaintiff also alleges she has suffered various physical and emotional injuries as a result of defendant's alleged actions.  Compl. ¶ 37.

## II. ANALYSIS

### A. Standard for Judgment on the Pleadings

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is a "means to challenge the sufficiency of the complaint after an answer has been filed." *New.Net, Inc. v. Lavasoft*, 356 F. Supp.2d 1090, 1115 (C.D. Cal. 2004).  A motion for judgment on the pleadings is functionally identical to the standard applied in a motion to dismiss. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).  "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990).

### B. TILA

TILA is designed "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601(a). Rather than substantively regulate the terms creditors can offer or include in their financial products, the act primarily requires disclosure. *See Hauk v. J.P. Morgan Chase Bank USA*, 552 F.3d 1114, 1120 (9th Cir. 2009). Landayan's claim for rescission of the loan under TILA is premised on defendant's failure "to provide accurate material disclosures correctly." Compl. ¶ 39. Plaintiff asserts that defendant's enforcement of the allegedly invalid security instrument was "wrongful, improper, and a serious breach of fiduciary duty." Compl. ¶ 44. Although plaintiff seeks rescission of the loan, as defendant rightly points out, the right to rescind under TILA does not apply to "residential mortgage transactions." 15 U.S.C. § 1635(e). TILA defines "residential mortgage transactions" as those mortgages used to finance the acquisition of a consumer's dwelling. 15 U.S.C. § 1602(w). Because plaintiff's loan was used to finance the acquisition of the Milpitas property, Landayan's primary dwelling, plaintiff cannot seek rescission under TILA.

Plaintiff's second claim for civil penalties asserts that defendant violated TILA by failing to "provide all required disclosures . . . fail[ing] to reflect the legal obligation in effect at the outset of the transaction . . .[and failing to provide] effectively the required Notice of Right to Cancel." Compl. ¶ 48. These allegations amount to conclusory statements that TILA was violated. The complaint does not specify how the defendant's conduct or the loan documents she received purportedly contravened TILA's requirements. Compl. ¶ 48.

Defendant JP Morgan raises a statute of limitations defense to both TILA claims. Mot. at 4:26-28. The statute of limitation for actions brought under TILA is one year from the occurrence of the violation. 15 U.S.C. § 1640(e). This one-year limitations period commences no later than the date of actual disclosure of actions constituting the alleged violation. *Katz v. Bank of California*, 640 F.2d 1024, 1025 (9th Cir. 1981). Plaintiff received the loan in March of 2007, when the violation was apparent, but did not file suit until more than two years later, in March 2009. Therefore, plaintiff's claims under TILA are time barred. Because of the generally conclusory

1  nature of plaintiff's allegations, the lack of a right to rescind under TILA, and the running of the
2  statute of limitations, plaintiff's TILA claims are dismissed.

### D.  FDCPA

Congress intended the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not completely disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. § 1692.  The FDCPA forbids companies from resorting to "false, deceptive, or misleading representation or means" in connection with the collection of any debt or to obtain information concerning a consumer. 15 U.S.C. § 1692e(10).  A court must view a debt collector's actions through the eyes of the "least sophisticated debtor" when determining whether the debt collector's conduct violates the FDCPA. *Swanson v. S. Or. Credit Servs.*, 869 F.2d 1222, 1225 (9th Cir. 1988).

Plaintiff contends that defendant violated FDCPA by failing "to provide a validation notice . . . [using] false or misleading representations or deceptive means to collect or attempt to collect a debt . . [and using] unfair or unconscionable means to collect or attempt to collect" the debt. Compl. ¶ 51.  A claim cannot arise under FDCPA based upon the lender enforcing its security interest under the subject deed of a trust because foreclosing on a mortgage does not constitute an attempt to collect a debt for purposes of the FDCPA. *Maguire v. Citicorp. Retail Svcs.*, 147 F.3d 232, 236 (2d Cir. 1998); *see also Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).  Plaintiff's complaint does not specify what conduct of defendant violated the FDCPA.  Moreover, although § 1692 protects consumers in the debt collection process, plaintiff makes no allegation that Washington Mutual Bank or JP Morgan, the subsequent party in interest, attempted to collect a debt. Because foreclosing on a deed of trust does not invoke the statutory protections of the FDCPA, this claim is dismissed with prejudice and without leave to amend.

### E.  California Business and Professions Code

Plaintiff's fourth and final claim contends that defendant violated California Business and Professions Code and contends defendant used "unlawful, unfair, or fraudulent business acts or

practice . . . and acts of unfair competition." Compl. ¶¶ 55 and 58. Plaintiff asserts defendant's actions are in violation of statutory law in various ways including among others, that they are contrary to public policy and represent a breach of good faith and fair dealing. Compl. ¶ 62-64. Whether a business practice constitutes an Unfair Competition Law ("UCL") claim under § 17200 "involves an examination of that practice's impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 826 (9th Cir. 2008). § 17200 defines unfair competition as any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by the False Advertising Law. Cal. Bus. & Prof. Code § 17200. The purpose is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services. *Barquis v. Merchants Collection Ass'n.*, 7 Cal. 3d 94, 110 (1972).

The California Supreme Court in *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, held that even if conduct was not unlawful, the plaintiff could maintain a UCL cause of action on the basis that the defendant's conduct was unfair. 20 Cal. 4th 163, 180 (1999). Nonetheless, when a plaintiff alleges only violations of a statute, the unfair competition claim is properly considered as one for "unlawful" as opposed to "unfair" or "deceptive" business practices. *In re Vaccine Cases*, 36 Cal. Rptr. 3d 80, 92-93 (2005). Because Landayan's claim under the UCL includes no facts beyond those that purportedly violate TILA and FDCPA, those claims stand, and in this case fall, together.

More generally, the complaint as a whole does not allege with specificity the conduct plaintiff contends is unlawful, unfair or fraudulent. The complaint recites a litany of missing documents but does not specify the practices defendant engaged in with regard to the mortgage and transaction that give rise to the UCL claim. Compl. ¶ 22. Consequently, the pleading, as it stands, does not fairly apprise defendant JP Morgan of the accusations against it arising out of the mortgage transaction. Importantly, plaintiff has not filed opposition to the instant motion and has thus failed to show how she could cure the complaint's deficiencies.

ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
C-09-00916 RMW
AKT

## III. ORDER

For the foregoing reasons, the court grants defendant's motion for judgment on the pleadings. Despite plaintiff's failure to oppose the present motion, she may file an amended complaint within 20 days of the date of this order.

DATED: 09/18/09

RONALD M. WHYTE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
C-09-00916 RMW
AKT

1  **Notice of this document has been electronically sent to:**

2  **Counsel for Plaintiff(s):**

3  **Tiffany E. Landayan** (pro se)
   213 N. Hillview Drive
4  Milpitas, CA 95035

5
   **Counsel for Defendant(s):**
6
   S. Christopher Yoo      cyoo@adorno.com
7  John M. Sorich          jsorich@adorno.com

8
   Each party's counsel is responsible for ensuring that co-counsel receives a copy of this order if co-
9  counsel has not registered for e-filing pursuant to the court's CM/ECF program.

12  **Dated:**        09/18/09                              JAS
                                                   **Chambers of Judge Whyte**

ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
C-09-00916 RMW
AKT

7